Case 4:23-cv-03082   Document 6   Filed on 09/22/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRINCETON AMADI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-23-3082 |
| CAPITAL ONE FINANCIAL CORPORATION, | § § | |
| | § | |
| Defendant. | § § | |

## ORDER

Princeton Amadi ("Plaintiff") filed this action in the Justice of the Peace Court of Harris County, Texas, against Capital One, N.A. ("Defendant").[1] Plaintiff alleges that he noticed a debt on his credit reports reported by Defendant.[2] Plaintiff alleges that Defendant "furnished a trade line of $215.00, allegedly owed to" Defendant.[3] He alleges that he disputed this debt with Defendant and received no response.[4] Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(8) (of the Fair Debt Collection

---

[1] Complaint and Deman [sic] for Jury Trial ("Complaint"), Exhibit A to Defendant's Notice of Removal, Docket Entry No. 1-2, p. 3. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system. Plaintiff incorrectly names Defendant as "Capital One Financial Corporation." Id.

[2] Id. at 4 ¶¶ 6-7.

[3] Id. ¶ 8.

[4] Id. ¶ 10.

Practices Act) by "failing to disclose to the consumer reporting agencies that the alleged debt(s) were in dispute by Plaintiff."[5]

Pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint with Incorporated Memorandum of Law ("Defendant's Motion to Dismiss") (Docket Entry No. 3). Defendant argues that Plaintiff has not alleged a valid claim because § 1692e(8) only applies to a "debt collector" as defined in § 1692a(6) and because Defendant does not meet that definition.[6] Although the motion was filed on August 24, 2023, Plaintiff has not filed a response. Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendant's Motion to Dismiss within 21 days, the motion is treated as unopposed.[7] Failure to oppose a motion is not in itself grounds for granting the motion, however. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted. Id.

Section 1692e(8) prohibits a "debt collector" from "communicating . . . to any person credit information which is

---

[5]Id. at 4-5 ¶ 15.

[6]Defendant's Motion to Dismiss, Docket Entry No. 3, p. 3.

[7]See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Section 1692a(6) defines a "debt collector" as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects . . . debts <u>owed</u> . . . <u>another</u>" or "any creditor who, in the process of collecting his own debts, uses any name other than his own . . ." (emphasis added). It is well established that this definition excludes creditors collecting their own debts under their own name. <u>See Taylor v. Perrin, Landry, deLaunay & Durand,</u> 103 F.3d 1232, 1234 (5th Cir. 1997). Because the Complaint only refers to a debt that is allegedly owed to Defendant, Defendant is not a "debt collector" with respect to this alleged debt and is not subject to § 1692e(8). Plaintiff's claim therefore fails as a matter of law.

Plaintiff has failed to state a legally cognizable claim. Defendant's Motion to Dismiss Plaintiff's Complaint with Incorporated Memorandum of Law (Docket Entry No. 3) is therefore **GRANTED**, and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 22nd day of September, 2023.

```
                    _____
                         SIM LAKE
                    SENIOR UNITED STATES DISTRICT JUDGE
```